ERMA FUNCHESS, Plaintiff-Appellant, *v.* METROPOLITAN LIFE INSURANCE CO., Defendant-Appellee.

Third District    No. 80-431

Opinion filed April 8, 1981.

Mark A. Rose, of Hatcher, Rose & Cusack, of Peoria, for appellant.

Jeffrey W. Jackson and David A. Nicoll, both of Westervelt, Johnson, Nicoll & Keller, of Peoria, for appellee.

Mr. PRESIDING JUSTICE SCOTT delivered the opinion of the court:

Plaintiff, Erma Funchess, sued to recover a double indemnity provision of an insurance policy written by the defendant, Metropolitan Life Insurance Co., and which insured the life of her deceased husband.

Courtland Funchess, while married to the plaintiff, had a far from blissful extramarital affair with Sophia Douglas. Arguments between Courtland and Sophia occurred frequently, but this strife and discord was to end abruptly on November 21, 1975. On this date Courtland struck Sophia with his hands and fists, whereupon Sophia removed a gun from her purse, loaded it and threatened to fire it if the attack upon her did not cease. Courtland resumed his attack, during which the gun discharged, and Courtland was to die from a bullet wound in his chest.

The Circuit Court of Peoria County granted the defendant's motion for summary judgment, the effect of which was to hold Courtland's death

was not accidental. The sole issue presented is whether the trial court was correct in granting the summary judgment.

■■ In addressing this issue we are at the outset confronted by the plaintiff's contention that whether the death of her husband was intentional or accidental is a factual rather than a legal question and hence was improperly determined by the granting of a motion for summary judgment. We disagree, even though we are cognizant of the general rule of law which holds that whether or not an assured who is an aggressor should reasonably foresee the consequences of his actions resolves itself into a factual question to be answered in the light of the circumstances of the individual case. (See *Wylie v. Union Casualty & Life Insurance Co.* (1957), 15 Ill. App. 2d 448, 146 N.E.2d 377.) The court in *Wylie*, however, noted that there are two exceptions to this general rule, and the one applicable to the instant case is: "(1) Where the assured knew he was attacking another who was armed, [citations] * * *." 15 Ill. App. 2d 448, 453, 146 N.E.2d 377, 379.

In view of the law pronounced in *Wylie* we conclude that the trial court did not improperly decide the issue of accidental versus an intentional killing by utilizing the summary judgment procedure.

The parties to this appeal cite a vast array of legal authorities in support of their arguments; however, we deem the controlling case is *Cory v. Woodman Accident Co.* (1928), 333 Ill. 175, 164 N.E. 159. In *Cory* our supreme court was presented with a situation where an insured was shot by a smaller and weaker youth whom the insured had grabbed by the neck after being warned to stand back or be shot. Our supreme court held that the insured could reasonably have foreseen and expected that his unnecessary advance upon the youth would result in serious injury from the use of the deadly weapon held by the youth and therefore the insured's death was not due to accidental causes so as to fall within policy provisions requiring payment only in the event of accidental death.

■■ The plaintiff cites numerous cases from other jurisdictions in support of the contention that the question as to whether the insured's death was accidental was a factual question to be determined by a jury. We believe that the case of *Wylie* refutes this contention and that the case of *Cory* sets forth the applicable Illinois law to be followed in ruling on the motion for summary judgment.

For the reasons set forth the judgment of the Circuit Court of Peoria County is affirmed.

Affirmed.

HEIPLE and STOUDER, JJ., concur.